FILED
CLERK
April 27, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ENGIE POWER & GAS LLC.,

                    Plaintiff,

**ORDER**
22-CV-6211 (RPK) (JMW)

                  -against-

FHTDD, L.P.,

                    Defendant.
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

Ira M. Scharaga
**Ira M. Scharaga, P.C.**
920 Railroad Avenue
Woodmere, NY 11598
*Attorney for Plaintiff*

*No appearance by Defendant*

**WICKS,** Magistrate Judge:

      On April 24, 2023, Plaintiff Engie Power & Gas LLC filed a motion for default judgment against Defendant FHTDD, L.P.  (DE 10.)  On April 25, 2023, that motion was referred to the undersigned by the Hon. Rachel P. Kovner for a Report and Recommendation.  (Electronic Order dated Apr. 25, 2023.)  Because of the deficiencies in the filing, the motion is denied, with leave to renew consistent with this Order.[1]

---

[1] A denial of a motion for a default judgment, since not dispositive, may be determined by Order rather than Report and Recommendation. *See Zuniga v. Newmark Wood Working Grp. Inc.*, No. 20-CV-2464 (RPK) (VMS), 2022 WL 3446331, at *4 n.1 (E.D.N.Y. Aug. 17, 2022) (citing 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a)) ("Because this Court concludes that the motion for default judgment should be denied without prejudice and with leave to [refile], the disposition of this motion is not dispositive of any party's claim or defense. The Court thus proceeds by Order rather than by Report and Recommendation.").

*First*, Plaintiff failed to attach a copy of the Clerk's certificate of default, a proposed form of default judgment, and a copy of the complaint to the motion as required by the local rules. E.D.N.Y. Local. Civil Rule. 55.2(b); *see Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules. One such rule, Local Civil Rule 55.2(b) provides that certain items must be appended to a default judgment motion . . . . The fact that some of these items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers."); *see also Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.").

To be sure, the Court enjoys broad discretion to excuse noncompliance with the local rules. *See Yurkov-Shkolnik v. Allstate Life Ins. Co. of New York*, No. 06-CV-5451 (RLC), 2008 WL 4093490, at *2 (S.D.N.Y. Sept. 2, 2008) ("[T]he Second Circuit has made it clear that the court has broad discretion to excuse noncompliance with Local Rules."). However, given the multiple deficiencies, the Court declines to exercise that discretion here.

*Second*, a plaintiff still bears the burden to demonstrate that the allegations set forth in the complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (alterations omitted)). Notably, Plaintiff has not provided a "memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues . . . ." E.D.N.Y. Local. Civil. Rule. 7.1(a)(2).

Plaintiff's failure to include a memorandum of law showing its entitlement to default judgment on each claim asserted, supported with citations to caselaw and well-pleaded allegations in the complaint, is another independent basis to deny the motion for default judgment. *See Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-cv-2798 (RJD) (RER), 2021 WL 3518279, at *5 (E.D.N.Y. May 4, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 2702571 (July 1, 2021).

Upon any renewed motion for default judgment, Plaintiff must provide a memorandum showing its entitlement to default judgment with citations to any well-pleaded allegations in the complaint, and relevant caselaw, that support its position. Further, the memorandum should also address the basis for the exercise of personal jurisdiction over Defendant, which according to the Complaint is organized under the laws of, and has its principal place of business in, the state of New Jersey. (*See* DE 1 at ¶ 9.)

## CONCLUSION

Accordingly, the motion is denied, with leave to renew upon a properly submitted motion addressing the deficiencies identified above. The Court notes, however, that the deficiencies outlined herein are merely exemplars and not an exhaustive list. Plaintiff is advised and cautioned to review and comply with all of the rules applicable to the filing of default judgment motions.

Dated: Central Islip, New York
        April 27, 2023

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

3